PHILLIP A. TALBERT
United States Attorney
JASON HITT
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                   Plaintiff,<br><br>         v.<br><br>MICHAEL MAHONEY,<br><br>                   Defendant. | CASE NO.  2:22-CR-128-JAM<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>CURRENT DATE: August 9, 2022<br>PROPOSED DATE: November 15, 2022<br>COURT: Hon. John A. Mendez |

**BACKGROUND**

This case is set for a status conference on August 9, 2022.  On May 26, 2021, this Court issued General Order 631, which reopened the courthouses in this District, but which left it to "each Judge [to] determine whether to hold proceedings . . . in person or by telephone or videoconference."  The order further authorized each Judge to "exercise his or her authority to continue [criminal] matters" and "exclud[e] time under the Speedy Trial Act."  This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

1  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
2  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
3  or in writing").

4      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
5  and inexcusable—General Orders 611, 612, 617, 618, and other orders require specific supplementation.
6  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of
7  his findings that the ends of justice served by taking such action outweigh the best interest of the public
8  and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is
9  excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or
10 finding that the ends of justice served by the granting of such continuance outweigh the best interests of
11 the public and the defendant in a speedy trial." *Id.*

12     The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
13 T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
14 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
15 circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
16 following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court
17 recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see*
18 *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time
19 following the September 11, 2001 terrorist attacks and the resultant public emergency).

20     The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt
21 proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-
22 exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act
23 continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL
24 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is
25 detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked
26 speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a
27 population that is particularly susceptible to complications if infected with the virus; (5) the seriousness
28 of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

(6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)(A) [Local Code T4].[1] If continued, this Court should designate a new date for the status conference. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1.  By previous order, this matter was set for a status conference on August 9, 2022.

2.  By this stipulation, defendant now moves to continue the status conference until November 15, 2022, at 9:30 a.m., and to exclude time between August 9, 2022, and November 15, 2022, under 18 U.S.C. § 3161(h)(7)(A) [Local Code T4].

3.  The parties agree and stipulate, and request that the Court find the following:

    a)  The government has produced hundreds of pages of discovery, including numerous photographs, audio files, and audio/video discovery, as well as police reports and criminal history documents.

    b)  Counsel for defendant desires additional time to consult with his client, review the current charges, conduct investigations and research related to the charges, review discovery, consider whether to request additional discovery, prepare pretrial motions, and otherwise prepare for trial.

    c)  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    d)  The defendant has not invoked his speedy trial rights since the inception of the

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

case.

e) The government does not object to the continuance.

f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interests of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 9, 2022 to November 15, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 4, 2022                           PHILLIP A. TALBERT
                                                United States Attorney


                                                /s/ AARON D. PENNEKAMP
                                                AARON D. PENNEKAMP
                                                Assistant United States Attorney


Dated: August 4, 2022                           /s/ MARK REICHEL
                                                MARK REICHEL
                                                Counsel for Defendant
                                                MICHAEL MAHONEY

**ORDER**

IT IS SO FOUND AND ORDERED this 4th day of August, 2022.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE